UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS WOOD and CAROLYN WOOD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.  4:04CV1813 HEA, |
| FOREMOST INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion for Summary
Judgment, [Doc. # 24].  Plaintiffs oppose the motion and have filed a written
memorandum in opposition.  For the reasons set forth below, the motion is granted.

## Introduction

Plaintiffs filed a petition in the Circuit Court for the City of St. Louis,
Missouri on November 15, 2004 asserting various claims against defendant
stemming from an alleged breach of its insurance contract with plaintiffs.  Defendant
removed the action to this Court on December 29, 2004, pursuant to this Court's
diversity jurisdiction, 28 U.S.C. § 1332.  Plaintiffs filed an Amended Complaint on
January 14, 2005.

Plaintiffs' Amended Complaint alleges that defendant breached its insurance contract by failing to timely pay proceeds for wind damage to plaintiffs' home. The Amended Complaint further asserts that as a result of defendant's failure to timely pay the appropriate amount of money to cover the damage to the house, plaintiff Douglas Wood was required to attempt repairs on his own and while doing so, he fell and injured himself. Plaintiffs contend that the personal injuries sustained by Douglas were proximately caused by defendant's alleged breach. Plaintiff Carolyn Wood has a claim for loss of consortium. Plaintiffs contend that these damages are consequential damages that were reasonably contemplated by defendant at the time of the agreement.

On February 8, 2005, the Court denied defendant's Motion for Partial Dismissal, finding that plaintiffs had sufficiently pled an action consistent with the standards set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant now moves for summary judgment under Rule 56, contending that no genuine issues of material fact exists, and that it is entitled to judgment as a matter of law.

## Facts and Background

Plaintiffs had a *Basics Dwelling Policy*, effective May 6, 2003 to May 6, 2004, Policy Number 381-006521567-01, with defendant. This policy insured the

dwelling and personal property located at 618 N. 5th Street, DeSoto, Missouri. The

policy was an actual cash value policy which provided, in pertinent part:

> actual case value means the amount it would cost to repair or replace
> covered property with materials available today of like kind and
> quality, less allowance for physical deterioration and depreciation,
> including obsolescence.

The policy further provided:

> The amount we pay for loss of or damage to your dwelling, other
> structures and personal property will be the lowest of:
>
> > 1. The difference between the actual cash value of your
> > property immediately before the loss and its actual cash
> > value immediately after the loss; or
> >
> > 2. Actual cash value of your property at the time of the
> > loss; or
> >
> > 3. The amount required to repair or replace the property;
> > or
> >
> > 4. The Amount of Insurance shown on the Declarations
> > Page.

Other relevant portions of the policy provide:

> With your payment of the premium, we agree to provide the insurance
> you have selected as shown on the Declarations Page.

> We will make settlement within 30 days after we receive an acceptable
> proof of loss from you.

It further provides:

If you have a loss, you must protect your dwelling, other structures, or personal property from any further damage. If you fail to do so, any further damage will not be insured by this policy.

The policy also contains an Emergency Repairs After Loss provision:

When you buy Coverage A, we automatically include the following additional coverages:

> 2. Emergency Repairs After Loss. We will pay any actual reasonable and necessary expenses for emergency repairs incurred in protecting your dwelling, other structures and personal property from further damage if the damage was caused by an Insured Peril. No deductible will apply.

On May 6, 2003, plaintiff's insured residence was damaged as a result of high wind. On May 14, 2003, Scott Orange, a claims adjuster for defendant, sent plaintiffs a letter acknowledging their claim. Orange inspected the property on May 20, 2003. He prepared an estimate, based on a 17-square measurement for the roof. Defendant issued a payment in the amount of $2,722.21 on May 21, 2003. Plaintiffs contend that during the first inspection and appraisal report, "Foremost" advised plaintiffs to "cash the check promptly and use its proceeds to repair your damaged property." Further, plaintiffs allege they were advised that "[i]f you do not promptly repair the damage, it may get worse. There will be no coverage under your policy for any additional damage caused by your failure to repair or for unreasonably delayed repairs."

The parties dispute when plaintiffs advised Orange that they had obtained an estimate from Shingle Specialists for a new roof. In any event, a second payment was made to plaintiffs in the amount of $1,266.85 on June 17, 2003, based on plaintiff's estimator's re-measuring of the roof and the determination that it measured 28 square.

On November 23, 2003, plaintiffs purchased a 16x30 tarp. Plaintiff Douglas alleges he sustained injuries while performing work on the roof on November 23, 2003. On November 24, 2003, Clayton Roloff, an adjuster for defendant, inspected the property and prepared an estimate. On November 25, 2003, defendant issued a payment to plaintiffs in the amount of $3,337.56. This payment had to be reissued on December 12, 2003 because the mortgagee needed to be added as a payee.

On January 14, 2004, defendant and an independent contractor inspected the interior of the home and prepared estimates. On January 27, 2004, defendant issued a payment to plaintiffs in the amount of $4,530.29.

Plaintiff's Amended Complaint alleges that defendant's actions constitute a breach of contract. Plaintiffs contend that defendant breached the insurance contract by failing to pay in a timely manner and as a direct and proximate result of this alleged breach, plaintiffs suffered consequential damages in the nature of the injuries sustained by Douglas when he fell off the roof during his attempted repair. Plaintiffs argue that defendant's alleged breach was unreasonable, vexatious, and

without reasonable cause.  Plaintiffs seek penalties, costs and attorney's fees for the alleged vexatious refusal to pay.

Defendant denies breaching the insurance contract and moves for summary judgment.

## Summary Judgment Standard

The standards for summary judgment are well settled.  Summary judgment is appropriate when there exists no genuine issue as to any material fact.  *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e);  *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson,* 477 U.S. at 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004).  To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere

speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). *Lee v. Rheem Mfg. Co.,* 432 F.3d 849 (8th Cir. 2005). Summary judgment will be granted where there is no genuine issue of material fact if the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. The nonmoving party may not rely on "mere allegations," but "must set forth specific facts showing that there is a genuine issue for trial." Furthermore, summary judgment must be entered against the nonmovant if he "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] bear[s] the burden of proof at trial. *Baucom v. Holiday Companies*, 428 F.3d 764 (8th Cir. 2005).

## Discussion

In interpreting the policy at issue, the Court must adhere to certain rules. "Rules governing the interpretation of insurance policies are well settled." *Shahan v. Shahan,* 988 S.W.2d 529, 535 (Mo. 1999) (en banc). Courts "read the contract

as a whole and determine the intent of the parties, giving effect to that intent by enforcing the contract as written." *Mo. Employers Mut. Ins. Co. v. Nichols*, 149 S.W.3d 617, 625 (Mo.App. 2004). See also, *Kearney v. Kinder*, 972 S.W.2d 575, 578 (Mo.App. 1998). Language used in an insurance contract is given its plain and ordinary meaning. *Id.; Farmland Indus. Inc. v. Republic Ins. Co.,* 941 S.W.2d 505, 508 (Mo. 1997). (en banc). Plain or ordinary meaning is the meaning that the average layperson would understand, as determined by consulting standard English language dictionaries. *Shahan,* 988 S.W.2d at 535. Where insurance contracts are written in plain and unambiguous terms, the court must enforce the policy according to those terms, *Rice v. Fire Ins. Exch.,* 946 S.W.2d 40, 42 (Mo.App. 1997), and rules of construction are inapplicable. *Mansion Hills Condo. Ass'n v. Am. Family Mut. Ins. Co.,* 62 S.W.3d 633, 637 (Mo.App. 2001). The Court may not distort unambiguous policy language to create an ambiguity. *Am. Motorists Ins. Co. v. Moore,* 970 S.W.2d 876, 878 (Mo.App. 1998) (citing *Krombach v. Mayflower Ins. Co.,* 827 S.W.2d 208, 210 (Mo. 1992) (en banc)). Nor may a court "use its inventive powers to ... rewrite a policy to provide coverage for which the parties never contracted, absent a statute or public policy requiring coverage." *Lang v. Nationwide Mut. Fire Ins. Co.,* 970 S.W.2d 828, 830 (Mo.App. 1998) (citing *Rodriguez v. Gen. Accident Ins. Co.,* 808 S.W.2d 379, 382 (Mo. 1991) (en banc)). The determination of whether an insurance contract is ambiguous is a question of

law. *Kearney*, 972 S.W.2d at 578. Any ambiguity in an insurance contract is construed against the insurer. *Killpack v. Farm Bureau Town and Country Ins. Co.*, 861 S.W.2d 608, 609 (Mo.App. 1993).

Plaintiffs initially argue that defendant is not entitled to summary judgment based on this Court's previous denial of defendant's Motion for Partial Dismissal. Defendant correctly observes that this Court's previous ruling on the Motion for Partial Dismissal has no bearing on the current Motion for Summary Judgment. As was discussed by the Court in its previous Order, ***the purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint***. A complaint will not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). In considering the motion to dismiss, the Court, as required, accepted the Amended Complaint's factual allegations as true and construed them in the light most favorable to the plaintiff. *Id.; Midwestern Machinery, Inc. v. Northwest Airlines, Inc.,* 167 F.3d 439, 441 (8th Cir. 1999); *Federer v. Gephardt*, 363 F.3d 754, 757 (8th Cir. 2003).

The Court found, taking the allegations of the Amended Complaint as true, and construing the facts in the light most favorable to plaintiffs, that it could not be said that it appeared beyond doubt that plaintiffs could prove no set of facts in

support of the claim that would demonstrate entitlement to relief. *Midwestern Machinery, Inc.*, at 441. As such, the Motion for Partial Dismissal was denied. ***The current motion is assessed under an entirely different standard***. Whereas a motion to dismiss is limited to the pleadings before the Court, ***a Motion for Summary Judgment in contrast, encompasses consideration of evidence outside the pleadings.*** The nonmovant is not entitled, under Rule 56, to rely solely on the allegations of the complaint, rather, the nonmovant must support his or her position with admissible evidence. Plaintiffs' argument based on the Court's previous ruling is unquestionably without merit.

The gravamen of plaintiffs' Amended Complaint is that had defendant paid the entire amount of property damage in accordance with the initial claim, plaintiff Douglas would not have been injured. According to plaintiffs, the actions taken by defendant with respect to their property damage constitutes a breach of the insurance contract, and that Douglas' injuries constitute consequential damages. Plaintiff's claim fails on several grounds.

Plaintiffs cannot establish a breach of the policy. They notified defendant of the damage. Defendant sent an adjuster and a payment was made to plaintiffs within one week of receiving the claim. With the information available to defendant at the time, this action satisfied its obligation under the parties' agreement. Plaintiffs disagreed with the amount of the payment. They sought and received a

reevaluation of the claim.  Another payment was made to plaintiffs.  Two more

supplemental payments were made to plaintiffs upon receipt by defendant of

additional information.  Defendant satisfied its bargain under the insurance policy to

pay the claim.

Even assuming defendant's actions constituted a breach of the policy,

plaintiffs are not entitled to recover for Douglas' personal injuries.  Plaintiffs argue

that Douglas' injuries were "consequential damages" that directly and proximately

resulted from defendant's breach.  Plaintiffs attempt to rely on the policy provision,

"[i]f you have a loss, you must protect your dwelling, other structures, or personal

property from any further damage.  If you fail to do so, any further damage will not

be insured by this policy," and defendant's letter stating that plaintiffs must "use its

proceeds to repair your damaged property," and that  "[i]f you do not promptly

repair the damage, it may get worse.  There will be no coverage under your policy

for any additional damage caused by your failure to repair or for unreasonably

delayed repairs."  By implication, plaintiffs argue that the policy required Douglas

and/or Carolyn to physically repair the roof damage.  This is clearly an unreasonable

interpretation of the letter and the policy when taken as a whole, since the policy

specifically includes a provision allowing for emergency repairs without application

of any deductible.[1]  The record also establishes that plaintiffs themselves did not believe they were physically responsible for repairs by reason of the fact that they procured an estimate from Shingle Specialists for the repair.  Consequential damages, if any, are those damages which are <u>reasonably</u> contemplated by defendant at the time of the agreement. *Crank v. Firestone Tire & Rubber Co.*, 692 S.W.2d 397, 402.  Douglas' injuries, which were incurred when he fell off the roof, cannot be said to have been reasonably contemplated by defendant.  Defendant cannot be required to anticipate inexperienced insureds attempting to physically repair damages to their property, hence the inclusion of the emergency repairs provision.

Furthermore, plaintiffs cannot satisfy their burden of establishing a genuine issue of material fact by their reliance on defendant's failure to point out to them the emergency provision.  The policy speaks for itself, and it speaks loudly.  Plaintiffs cannot therefore avoid entry of summary judgment by attempting to rely on selected provisions of the policy to the exclusion of others.

### Conclusion

---

[1]  The absurdity of plaintiffs' implication  is demonstrated by the following scenario: if the policy were taken to mean that an insured was personally required to cash an insurance check and physically repair the damage him or herself, all insureds, no matter how old, infirm and/or inept, would be responsible for physically repairing damage, including a 96 year old blind woman in a wheel chair.

Based on the foregoing, there exists no genuine issue of material fact as to plaintiffs' claims. There has been no breach of the insurance policy at issue. Further, the damages suffered by plaintiffs fall outside the scope of consequential damages that could have been reasonably contemplated by defendant. Defendant is therefore entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment, [Doc. # 24], is granted.

A separate judgment in accordance with this Memorandum and Order is entered this same date

Dated this 9th day of March, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE